UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHARLENE M. GLASS, | CASE NO. 1:15 CV 2641 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | |
| LAKE COUNTY METROPOLITAN HOUSING AUTHORITY, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

### Introduction and Background

Plaintiff Charlene Glass, proceeding *pro se* and *in forma pauperis,* has filed this federal action purporting to allege federal civil rights claims against the Lake County Metropolitan Housing Authority (LCMHA), in addition to state-law tort claims including slander and fraud. Although the plaintiff does not state or specify in her complaint the specific federal laws or statutes which form the basis of her federal civil rights claims, she contends she was the victim of race discrimination in violation of her federal civil rights when LCMHA terminated her Section 8 housing voucher after her landlord evicted her from her rental housing unit. The only specific allegations the plaintiff makes in her complaint, however, are that her Section 8 voucher was wrongfully terminated on the basis of "fraud and overexaggerated statements made by [LCMHA housing inspector] Holley Hanna." She alleges Hanna "was very rude" and harassed her, "violated [her] with unwanted

behavior of slander," and trespassed into her rental unit when conducting inspections for purposes of her Section 8 housing.

The relief the plaintiff seeks is "to present [her] case to court to prove [her] innocence [that she did] nothing wrong to violate [her] housing."

## Discussion

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal under §1915(e)(2)(B), a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)).

Upon review, the Court finds that the plaintiff's federal civil rights claims must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

*Pro se* plaintiffs are required to meet the basic pleading requirements, and "trial and appellate courts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To meet federal notice pleading requirements, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d

434, 436 (6th Cir. 1988). The plaintiff's complaint fails to allege any plausible federal civil rights claim because, in order to make out a federal claim from the plaintiff's complaint, the Court would be required to guess or speculate as to the specific federal civil rights law or laws the plaintiff contends LCMHA violated.[1] A district court is not required to engage in such speculation, or to "create [a *pro se* plaintiff's] claim for her." See *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of a *pro se* complaint, holding that the complaint could not be construed as raising a claim under the Rehabilitation Act because the complaint did not mention that Act).

Further, even if the plaintiff's complaint could be construed as asserting a federal civil rights claim under one or more of the federal civil rights laws that prohibit race discrimination, the plaintiff's complaint fails to allege facts which, if true, support a plausible inference that LCMHA terminated her Section 8 housing voucher on the basis of her race. The plaintiff's pleading indicates her landlord evicted from her housing unit after pursuing an eviction action in Willoughby Municipal Court. Federal regulations provide that a housing authority may terminate a Section 8 voucher after an eviction. *See* 24 C.F.R. § 982.552(b)(2) (a housing authority "must terminate program assistance for a family evicted from housing assisted under the program for serious violation of the lease"). The plaintiff's allegations do not plausibly suggest LCMHA terminated her Section 8 voucher on the basis of her race rather than her eviction. Her allegations that Hanna treated her rudely and disrespectfully and trespassed on her property – even if they are true and sufficient to support a plausible claim or claims under state tort law – are insufficient to support a

---

[1] The Court must speculate as to whether the plaintiff contends she suffered race discrimination in violation of 42 U.S.C. §1981 or §1983 (or both), the Fair Housing Act (42 U.S.C. §3613), and/or in the administration of a federally funded program in violation of 42 U.S.C. §2000d.

plausible inference that LCMHA revoked her Section 8 housing voucher because of her race.

Accordingly, the plaintiff has failed to allege any plausible federal civil rights claim in this case, and in the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state-law tort claims.

### Conclusion

In accordance with the foregoing, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted; the plaintiff's federal claims are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B); and the plaintiff's state-law tort claims are dismissed without prejudice.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                              DAN AARON POLSTER
                                                              UNITED STATES DISTRICT JUDGE